## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### FERRELL v. MADIGAN FOR, &C.

#### February 2, 1882.

1. BANKRUPTCY—*Jurisdiction of State court—Judgment.*—A judgment of State court, regularly docketed, before debtor was adjudicated a bankrupt, was assigned to third person, who had no notice of the proceedings in the bankrupt court, made no claim and received nothing from the bankrupt's funds there administered. Judgment debtor afterwards sold to purchaser, for value, land owned by him at time of his bankruptcy. On bill filed in State court for benefit of assignee of the judgment against judgment debtor, his assignee in bankruptcy, and the purchaser, to subject the land to pay the judgment—

HELD :

    1. The judgment having been obtained before the bankruptcy, State court has jurisdiction to enforce its lien on the land in possession of the alienee of the bankrupt.

    2. Conceding that the bill should have been filed in the name of the assignee in bankruptcy, yet he, being a defendant, made no objection to the jurisdiction. Had the point been made at proper time the difficulty would have been removed. It is too late to raise the objection for the first time here in argument.

2. BANKRUPT COURT.—Judgments.

    *Quære :* Have the decisions of the supreme court of the U. S. application to judgments of State courts prior to the adjudication in bankruptcy, the liens whereof have not been affected by the proceedings of the bankrupt court?

Appeal from decree of circuit court of Halifax county in suit of D. T. Madigan, for W. W. Wood, against H. O. Ferrell, C. C. Anderson, E. C. Ferrell, Patrick Edmunds, A. Barksdale, Jr., assignee in bankruptcy of E. C. Ferrell, bankrupt; and H. A. Edmundson, sheriff and administrator of Caleb Anderson, deceased. This suit was to enforce the

lien of a judgment obtained by Madigan against C. C. and Caleb Anderson, and E. C. Ferrell, in 1867, and assigned to Wood, on the land of E. C. Ferrell, owned by him at time of his adjudication, and subsequently sold for value to H. O. Ferrell. It does not appear how he retained the land after his adjudication. Court below decreed that the land was bound by the judgment, and decreed its sale. H. O. Ferrell appealed to this court. Opinion of the court states the remaining facts.

*W. W. Henry, Henry Edmunds,* for the appellant.

*Wood Bouldin, Jr.,* for the appellees.

STAPLES, J., delivered the opinion of the court.

The appellee, Madigan, in the year 1867, recovered a judgment against E. C. Ferrell and others in the circuit court of Halifax county for the sum of $471.41.

The judgment was regularly docketed, and constituted a lien on all the real estate of the debtors. In the year 1870-71 Ferrell filed his petition in bankruptcy, and was adjudicated a bankrupt. In the year 1873 the appellant purchased from Ferrell the tract of land in controversy, paid him the purchase money, and received a conveyance, which was duly recorded.

In the year 1875, the appellee, for the benefit of W. W. Wood, to whom the judgment had been assigned, filed this bill in the circuit court of Halifax, for the purpose of subjecting the tract sold the appellant to the lien of the judgment, and in the year 1878 he obtained a decree for its sale.

It is from this decree the appeal was taken to this court. It is assailed on various grounds. Among others, it is claimed that the appellee's debt was proved in the bankrupt court, and an order there entered directing the pro-

ceeds of the real estate sold to be applied to the prior liens, of which the appellee's was the first. It is in proof, however, that neither of the parties interested in the debt had any notice of the proceedings in the bankrupt court, and that they asserted no claim in that court to any of the funds under its control. The commissioner who took an account of the liens obtained his information from the records of the State court, and reported the judgment as belonging to Madigan, who had previously disposed of his entire interest. What became of the proceeds of the bankrupt's lands actually sold does not appear. It is very certain that the present owner of the debt received no part of them. It would seem, also, that the land in controversy, although then in possession of the bankrupt, was not surrendered in the bankrupt court.

At all events, no sale of it was made by the assignee, but the bankrupt was permitted to retain it, and afterwards sold and conveyed it to appellant. This statement is sufficient to show that the appellees' lien is not affected by anything done in the bankrupt court, and that his lien is still in force, and binds the land in the possession of the appellant.

The main ground of error is, that the State court has no jurisdiction of the case, and that the appellees' remedy is through the assignee in the bankrupt court, which is vested with exclusive jurisdiction of the subject matter of controversy. The case of *Glenny* v. *Langdon*, 8 Otto, page 20, is relied upon in support of this position. In that case, however, no judgment had been obtained against the bankrupt prior to the adjudication in bankruptcy.

In the present case the very reverse is true. A very interesting question, therefore, arises, whether the decisions of the supreme court of the United States have any application to the case of a creditor whose judgment was rendered prior to the adjudication in bankruptcy, and whose

lien has not been affected by any of the proceedings in that court. We do not deem it necessary to pass upon that question here. Let it be conceded that in this case the bill was improperly filed in the name of the creditor, there is no doubt the defect may be cured by the express or implied consent of the parties. The assignee was made a party defendant to the bill, and thus every difficulty, with respect to the legal title, was removed. He made no objection to the jurisdiction, or to the suit; he asserted no claim to the property or the proceeds; he never at any time thought it incumbent upon him or worth his while to interfere with the appellee in the enforcement of his lien. The bill was filed in July, 1875. The appellant answered the following October. In that answer the proceedings in bankruptcy are stated, and the ground is taken that the appellee had appeared in the bankrupt court, asserted his lien, recovered part of the proceeds of the bankrupt's effects, and is, therefore, now estopped to set up his judgment in any court.

It has already been seen that this objection was not well taken, and is not sustained by the facts. It was, however, the sole ground relied upon by the appellant to avoid the legal right of the appellee to maintain the suit. It was not claimed or even suggested that the bill ought to have been filed in the name of the assignee, and was, therefore, defective for want of proper parties. The point is not even suggested during the progress of the suit in the court below. And when the appeal was taken to this court, in 1879, the petition set forth various grounds of error, but it makes no reference whatever to the objection already mentioned. That objection is, for the first time, found in a printed brief filed in December, 1881, six years after the suit was instituted. If the point had been raised at the proper time, the difficulty would have been removed by a new bill or an amendment of the old. To allow it now to

be made is to permit a party to avail himself of his own *laches ;* or, what is more, to gain every advantage which the lapse of time may afford him, and at last defeat his adversary by an objection founded upon the merest technicality. The appellant, as purchaser of the land, is the only person having any interest in the subject matter of controversy, and the only one at all concerned to make this objection. We think he has waived it, and in this court he cannot be heard now to insist upon it. For these reasons we are of opinion to affirm the decree of the circuit court.

DECREE AFFIRMED.